UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNE E. TANN,

        Plaintiff,                      Case Number 10-14696
                                                           Honorable David M. Lawson

v.

CHASE HOME FINANCE, L.L.C. and
IBM LENDER BUSINESS PROCESS
SERVICES, INC.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT OF THE PLEADINGS

      This matter is before the Court on the plaintiff's motion for a more definite statement of the pleadings. The plaintiff's motion seeks a more definite statement of defendant Chase Home Finance's motion for judgment on the pleadings. As an initial matter, the Local Rules requires a movant to seek concurrence in the relief sought, and if concurrence is not forthcoming, indicate in her motion that "there was a conference between attorneys . . . in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or despite reasonable efforts specified . . . , the movant was unable to conduct a conference." E.D. Mich. LR 7.1(a). The plaintiff did not indicate whether she sought concurrence in her motion, but instead stated that she was unable to obtain concurrence from the defendants in the affidavit attached in support of her motion. The plaintiff is reminded that the concurrence statement belongs in the motion and not the supporting documentation.

      A motion for a more definite statement is governed by Federal Rule of Civil Procedure 12(e), which provides that "[a] party may move for a more definite statement of a pleading to which a

responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  In general, a motion of this type is filed by a defendant and requests clarification of a pleading, such as a complaint, filed by the plaintiff.  *Cf. Goad v. Mitchell*, 297 F.3d 497, 504 (6th Cir. 2002); *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789 (E.D. Mich. July 30, 2010).  It is not the appropriate procedural form for a request by the plaintiff seeking clarification of a defendant's motion.  In addition, the defendant's motion for judgment on the pleadings is not a "pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Such pleadings are limited to "a complaint; . . . an answer; . . . an answer to a counterclaim designated as a counterclaim; . . . an answer to a crossclaim; . . . a third-party complaint; . . . an answer to a third party complaint; and . . . if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a); *see also* Fed. R. Civ. P. 12(a).  The defendant's motion does not fall into any of these categories.  Because the plaintiff's motion is inappropriate for obtaining the relief she requests, the Court will deny the motion.

Accordingly, it is **ORDERED** that the plaintiff's motion for a more definite statement [dkt. #39] is **DENIED**.

                                                     s/David M. Lawson
                                                     DAVID M. LAWSON
                                                     United States District Judge

Dated: July 1, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 1, 2011.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL